UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trey Chavez Brown,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>Kim Jones, Jane Doe, Richard Sims, Chelsea Johnson, Efrem Jennings, Terri Wallace, Ms. Velope,<br><br>　　　　　　　Defendants. | C/A No. 9:21-02310-JFA-MHC<br><br>**REPORT AND RECOMMENDATION** |

　　　　This action has been filed by Plaintiff, pro se, alleging violations of his constitutional rights by the named Defendants.

　　　　By Order dated August 5, 2021, Plaintiff was given an opportunity to provide the necessary information and paperwork to bring the case into proper form for evaluation and possible service of process. Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Order would subject the case to dismissal. *See* ECF No. 11. Plaintiff provided some, but not all, of the necessary documents to bring this case into proper form. By a second Order dated August 30, 2021, the time for Plaintiff to bring his case into proper form by providing the other necessary documents (a fully completed and signed – by both the appropriate South Carolina Department of Corrections officer and by Plaintiff - Financial Certificate and fully completed and signed Forms USM-285 for each Defendant) was extended until September 20, 2021. ECF No. 17. The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide a response to the second Order or to contact the Court in any way since the second Order was issued. Based on the foregoing, it is recommended that this action be **dismissed**,

**without prejudice**, in accordance with Rule 41, Fed. R. Civ. P. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address. If Plaintiff satisfies the requirements for proceeding with this case as is set forth in the proper form Orders within the time set forth for filing objections to this Report and Recommendation, the Clerk is directed to vacate this Report and Recommendation and return this file to the undersigned for further handling.** However, if Plaintiff fails to do so, then at the end of the time for filing objections, the Clerk shall forward this Report and Recommendation to the District Judge for disposition. *Ballard v. Carlson*, 882 F.2d at 95 (Magistrate Judge's prior explicit warning that a recommendation of dismissal would result from Plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when Plaintiff did not comply despite warning).[1]

The parties are also referred to the Notice Page attached hereto.

_____
Molly H. Cherry
United States Magistrate Judge

October 6, 2021
Charleston, South Carolina

---

[1] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).